IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUSTIN KINNETT,**

       **Plaintiff,**                            **Case No. 2:24-cv-4172**

       v.                                   **Chief District Judge Sarah D. Morrison**
                                                   **Magistrate Judge Kimberly A. Jolson**

**THE STATE OF OHIO, et al.,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1).

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Previously, the Court observed it was unable to determine how Plaintiff supports himself. (Doc. 2). For example, in his *in forma pauperis* motion, Plaintiff lists more than $1,200 in monthly expenses, plus half of the monetary support for his minor child. (*Id*. at 2–3). But he does not

specify how much that support is. (*Id.*). And while he says he is currently self-employed at D.K. Remodeling, he provides no estimate of how much money he makes per month, other than to say he "basically hasn't had any income at all [since 2023] due to the . . . Defendants." (Doc. 1 at 2; *see also id.* at 3 (representing Plaintiff has less than $50 in cash on hand or bank accounts)). The Court noted that it required more specificity. Indeed, his filing does not give clear insight into his income or support he may receive that would allow the Court to fully evaluate his financial status. *See* 28 U.S.C. § 1915(a). In other words, it is not clear from his affidavit that the one-time payment of the court's filing fee would render the Plaintiff unable to provide for himself. *See Adkins*, 335 U.S. at 339.

The Court ordered him to submit a revised Motion for Leave to Proceed *in forma pauperis* on or before December 5, 2024. (Doc. 2). In his revised Motion, Plaintiff was to provide the Court with income received from any source, including an estimate of how much he makes per month through self-employment. Alternatively, if Plaintiff relies on friends or family to assist in paying monthly expenses, Plaintiff was to make that clear in his revised Motion.

The Court also required Plaintiff to re-file his motion because it appeared to use his minor child's full name in addition to their initials. (Doc. 2; *see* Doc. 1 at 2 (instructing Plaintiff to identify minor children only by their initials)). So, Plaintiff was to correct that in his revised motion as well. (Doc. 2).

Plaintiff missed the deadline to file his revised Motion. Therefore, the Undersigned **RECOMMENDS** Plaintiff be ordered to pay the filing fee **within thirty (30) days** or else his case should be **DISMISSED without prejudice** for failing to pay the filing fee.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: December 17, 2024           /s/ Kimberly A. Jolson  
                                  KIMBERLY A. JOLSON  
                                  UNITED STATES MAGISTRATE JUDGE